IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01943-PAB

WILLIAM J. HUNSAKER, JR.,

     Petitioner,

v.

ANDRE STANCIL, Executive Director of the Colorado Department of Corrections,

     Respondent.

---

## ORDER TO DISMISS IN PART AND FOR ANSWER

---

Petitioner William J. Hunsaker, Jr. is a convicted and sentenced state prisoner currently serving the lifetime parole portion of his 2006 criminal sentences. The sentences stem from convictions in Larimer County District Court case number 03CR1173. Petitioner has submitted an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, challenging his convictions for sexual assault on a child and sexual assault on a child as part of a pattern of abuse. Docket No. 1. The issues of timeliness and exhaustion of state remedies have been fully briefed. Docket Nos. 8, 9. For the reasons below, the Court dismisses the application in part—Claims 1(a) and 2(c) through 2(e)—and directs respondent to answer the merits of the remaining claims—Claims 1(a), 2(a), and 2(b).

## I.    BACKGROUND

The Colorado Court of Appeals (CCA) succinctly summarized the background of

this case in addressing petitioner's most recent postconviction appeal:

> This case has a lengthy procedural history. [Footnote omitted.] In 2006, a jury found Hunsaker guilty of sexual assault on a child and sexual assault on a child as part of a pattern of abuse (pattern count). [Footnote 2. This was Hunsaker's second trial. In the first trial he was acquitted of four counts, and the jury deadlocked on the remaining two.]
>
> Hunsaker, a former attorney, was jointly represented by Craig Truman and Walter Gerash, and for trial, he retained additional cocounsel Joseph Gavaldón and Robin Desmond. After the jury verdict, the district court sentenced him to concurrent prison terms of eight years to life for sexual assault on a child and sixteen years to life on the pattern count. A division of this court affirmed Hunsaker's convictions. *See People v. Hunsaker*, (Colo. App. No. 06CA2088, Mar. 4, 2010) (not published pursuant to C.A.R. 35(f)) (*Hunsaker I*).
>
> In 2011, Hunsaker filed a Crim. P. 35(a) motion, arguing that the court had illegally sentenced him for extraordinary risk crimes. The district court agreed with Hunsaker and amended his mittimus to reflect sentences of six years to life on the sexual assault on a child count and twelve years to life on the pattern count. The prosecution appealed the court's decision to resentence Hunsaker on the pattern count. A division of this court agreed that the original sentence of sixteen years to life was legal and remanded the case for the district court to reinstate that sentence. *See People v. Hunsaker*, 2013 COA 5 (*Hunsaker II*), *aff'd*, 2015 CO 46 (*Hunsaker III*).
>
> In 2016, Hunsaker filed the Rule 35(c) motion that is the subject of this appeal. Hunsaker claimed that the district court (1) had failed to follow the statutory procedure to determine competency and violated his right to due process by not determining his competency; (2) violated his right to a jury trial by sentencing him without a jury finding aggravating circumstances; and (3) violated his right to be free of double jeopardy by reinstating the sixteen-year sentence after he had been free on parole. The motion also alleged that (4) he had received ineffective assistance of counsel in various ways. The district court denied the motion without a hearing, and Hunsaker appealed. A division of this court affirmed the district court's order on the grounds that all but one of his claims were untimely and that the final claim failed as a matter of law. *People v. Hunsaker*, 2020 COA 48, ¶ 6 (*Hunsaker IV*), *aff'd*, 2021 CO 83, ¶ 6 (*Hunsaker V*).

Hunsaker then appealed to [the Colorado Supreme Court], which affirmed this court's decision and remanded the matter to the district court for further proceedings. As part of those proceedings, the supreme court tasked the district court with deciding whether Hunsaker had showed justifiable excuse or excusable neglect within the meaning of section 16-5-402(2), C.R.S. 2023, for filing his motion late. *See Hunsaker V*, ¶ 41.

On remand, the district court conducted further proceedings and determined that Hunsaker's failure to seek relief within the applicable time period was indeed the result of circumstances amounting to justifiable excuse or excusable neglect under section 16-5-402(2)(d). The district court then adopted its prior findings and conclusions, made by a prior judge, and denied Hunsaker's motion for postconviction relief under Rule 35(c).

Docket No. 8-29 at 2-5. Ultimately, the CCA rejected petitioner's appellate challenges and the denial of postconviction relief was affirmed. *Id.* at 29. The Colorado Supreme Court denied certiorari on May 20, 2024. So, after more than 20 years, the state proceedings came to an end.

Petitioner then initiated this action by filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on July 15, 2024. Docket No. 1. In it, petitioner asserts two claims, with each containing multiple subparts.

Claim 1 asserts that petitioner was incompetent to proceed when he was tried, convicted, and sentenced. Petitioner contends that proceeding while he was incompetent violates (a) the Colorado competency statutes, Colo. Rev. Stat. §§ 16-8-110 and 16-8-111, and (b) the Due Process Clause of the United States Constitution. *Id.* at 11-17.

Claim 2 generally asserts that petitioner was "denied effective assistance of counsel by Walter Gerash, Craig Truman, Andy Gavaldon, and Robin Desmond in their

3

representation of him throughout various stages of the proceedings, which resulted in his conviction and a life sentence." *Id.* at 17. More specifically, petitioner alleges that

(a)    Gerash, Truman, Gavaldon, and Desmond were constitutionally ineffective for allowing him to stand trial while incompetent;

(b)    Gerash and Truman were constitutionally ineffective for advising him to flee the country before trial;

(c)    Gerash represented him despite a conflict of interest, abandoned his representation of petitioner on the eve of trial, and did not attend his sentencing hearing;

(d)    "Truman did not prepare for or attend either of Hunsaker's trials, nor did he attend Hunsaker's sentencing hearing, notwithstanding that Gerash retained Truman's services to defend Hunsaker against the charges in this matter"; and

(e)    Both Gavaldon and Desmond "failed to object to the district court imposing sentences that were modified for extraordinary risk crimes pursuant to C.R.S. § 18-1.3-401(10)(a), notwithstanding that the crimes of which Hunsaker was convicted were not considered an extraordinary risk of harm to society[.]"

*Id.* at 17-27.

As relief, petitioner asks the Court to vacate "the judgment of conviction entered against him." *Id.* at 27.

The Court ordered respondent to file a pre-answer response to address the affirmative defenses of timeliness and exhaustion of state remedies. Docket No. 3. Respondent filed a timely pre-answer response, conceding the application is timely and

that Claims 2(a) and (b) have been exhausted.  *See* Docket No. 8.  But respondent argues that Claim 1(a) is not cognizable on federal habeas review because it asserts only a violation of Colorado's competency statutes.  *Id.* at 4-6.  Respondent further argues that, with the exception of Claim 2(b) described above, petitioner's remaining claims were not properly exhausted and are procedurally defaulted.  *Id.* at 9-19. Petitioner replies that all of his claims were properly exhausted in state court and should be addressed on the merits.  Docket No. 9.  The Court now turns to whether each claim has been properly exhausted in state court.

## II.    DISCUSSION

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the petitioner has exhausted state remedies or that no adequate state remedies are available or effective to protect the petitioner's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been fairly presented to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation in Colorado requires that the federal issue be presented properly to the Colorado Court of Appeals, but review by the Colorado Supreme Court is not necessary.  *Ellis v. Raemisch*, 872 F.3d 1064, 1082 (10th Cir. 2017) (holding that Colo. App. R. 51.1(a) only requires a habeas petitioner to fairly present a claim to the CCA to have exhausted all available state remedies).

The "substance of a federal habeas corpus claim" must have been presented to

5

the state courts to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). A claim must be presented as a federal constitutional claim in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

A petitioner's blanket statement that state remedies have been exhausted does not satisfy the burden of demonstrating a claim was fairly presented to the state courts. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (finding a bald assertion unsupported by court records insufficient to demonstrate exhaustion of state remedies). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

6

Additionally, under the procedural default doctrine, a claim which a petitioner presented in state court cannot be reviewed on the merits in a federal habeas action if it was precluded from review in the state court under an "independent and adequate state ground."  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Similarly, a habeas claim which was not previously presented in state court, but would be precluded from state court review based on an independent and adequate state ground now if the petitioner returned to state court to present it, is subject to an "anticipatory procedural bar," and is precluded from federal habeas review.  *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman*, 501 U.S. at 735 n.1 (noting that, even if an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, the claim is still subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule).

***Claim 1(a)—Statutory Competency Claim.***   In Claim 1(a), petitioner contends that the trial court failed "to follow the statutory requirements for making a determination of his competency after such issue was raised, and in allowing him to be tried, convicted, and sentenced without determining whether or not he was mentally competent[.]"  Docket No. 1 at 11.  Accordingly, petitioner seeks federal habeas relief based on claimed violations of the Colorado competency statutes, Colo. Rev. Stat. §§ 16-8-110 and 16-8-111, that were in effect at the time of his case.  *Id.*

Respondent counters that petitioner should be denied federal habeas relief

because the claim rests solely on a matter of state law—specifically, claimed violations of Colorado's competency statutes.  Docket No. 31 at 3-6.  The Court agrees with respondent.

Federal habeas corpus relief is available only if petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A state-court decision that rests on a matter of state law "binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam); *Chapman v. LeMaster*, 302 F.3d 1189, 1196 (10th Cir. 2002) (explaining that matters of state law are binding on a federal habeas court).

Unlike petitioner's next claim, which alleges a constitutional violation based on his alleged incompetency at the time of trial, Claim 1(a) rests solely on state law.  As the CCA recognized, even "[t]hough Hunsaker argued the statutory and constitutional claims together, these contentions contain separate issues."  Docket No. 8-29 at 7.  The CCA analyzed the claims separately because they asserted the violation of different rights.  *Id.* ("The first issue is whether the district court violated the requirements of section 16-8-111, C.R.S. 2004, the statute in effect at the time of the trial proceedings. The second issue is whether the district court violated Hunsaker's constitutional due

process rights by subjecting him to trial while he was incompetent.").  The CCA aptly

noted that the "distinction is important because violations of statutory rights do not

necessarily require the same remedies as violations of constitutional rights."  *Id.* at 8.  In

the end, the CCA rejected Claim 1(a) because it did not violate the state competency

statutes—a matter of state law.  Because the CCA rejected Claim 1(a) solely as a

matter of state law, the claim is not cognizable on federal habeas review because it is

not based on a violation of the Constitution, laws, or treaties of the United States.[1]

*Wilson v. Corcoran*, 562 U.S. 1, 1 (2010) (per curiam) ("Federal courts may not issue

writs of habeas corpus to state prisoners whose confinement does not violate federal

law.").  Therefore, Claim 1(a) will be dismissed.

  ***Claim 1(b)—Constitutional Competency Claim.***  Claim 1(b) asserts that

petitioner was tried and convicted while incompetent in violation of the Due Process

Clause of the United States Constitution.

  Respondent argues that this claim was procedurally defaulted in state court.

Docket No. 8 at 9-14.  According to respondent, the claim was denied on procedural

---

[1] In his reply, petitioner argues that respondent should not have addressed whether the Court has jurisdiction over this claim because doing so exceeds the scope of the issues the parties were ordered to address.  Docket No. 9 at 1-2.  The Court's order directing respondent to file a pre-answer response does not specifically mention jurisdiction.  But it is well-settled that challenges to a federal court's subject-matter jurisdiction may be raised at any stage of the proceedings.  *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action.").  And whether the allegations in the § 2254 application confer subject-matter jurisdiction on the Court speaks directly to this issue.  *Estelle*, 502 U.S. at 67-68.

grounds because the CCA found that petitioner's Colo. R. Crim. P. 35(c) was supported only by "bare and conclusory" allegations and contained "bare legal conclusions," instead of well-pled factual allegations. *Id.* at 10. From this, respondent concludes that "failure to follow Colorado procedural rules prevented the CCA from ruling on the merits of [petitioner's] claim." *Id.* The Court disagrees that the claim was procedurally defaulted.

The Court finds that the CCA rejected Claim 1(b) on the merits. Its resolution of the claim began by explaining when a Colo. R. Crim. P. 35(c) motion can be denied without a hearing, offering the following standard of appellate review:

> When the motion, the files, and the record clearly establish that the defendant is not entitled to relief, a court may deny a Rule 35(c) motion without a hearing. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003). Summary denial of a motion for postconviction relief is also appropriate if the claims raise only an issue of law, or if the allegations, even if true, do not provide a basis for relief. *People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005). Likewise, if the claims are bare and conclusory in nature, and lack supporting factual allegations, the court may also deny the motion without a hearing. *Id*.

Docket No. 8-29 at 6. The court first addressed petitioner's statutory competency claim—Claim 1(a) described above—finding the claim procedurally barred as successive. *Id.* at 13. It further wrote that even if the statutory claim was not barred on procedural grounds, "the motion, the files, and the record clearly establish that Hunsaker is not entitled to relief." *Id.* at 14. In other words, on top of being procedurally barred, the CCA concluded that the claim lacked merit.

The CCA did not state that Claim 1(b) was procedurally barred. If anything, the

CCA's opinion strongly suggests the opposite: that petitioner properly raised—as a matter of state procedure—his constitutional claim in his 35(c) motion, whereas his statutory claim was explicitly rejected on state procedural grounds. *Id.* at 12 ("It's true that a defendant can raise an issue of constitutional error for the first time in the initial postconviction motion. . . . Issues that do not raise constitutional error and could have been raised on direct appeal do not trigger a right to postconviction review.").

In addition to never stating that Claim 1(b) was barred on procedural grounds, the CCA spent nearly six pages discussing the legal standard applicable to the claim, along with the reasons the allegations in petitioner's 35(c) motion failed to meet the constitutional standard. The CCA did not simply reject the claim based on an independent state procedural rule. Instead, the CCA recited the applicable constitutional standard, compared petitioner's allegations to that standard, and concluded, based on its analysis, that the district court did not err in denying the claim without a hearing. *Id.* at 15 ("Hunsaker's failure to allege facts showing that he was actually incompetent at the time of trial dooms his constitutional claim."); *see also id.* at 18 ("Hunsaker failed to provide any allegations or citations to the record that at the time of trial, the district court, himself, his defense team, the prosecution, or any involved party believed or indicated that he was incompetent. . . . Therefore, the district court did not err when it denied this claim without a hearing."). As such, the Court finds the CCA's decision on this claim to have been merits based. *Douglas v. Workman*, 560 F.3d 1156, 1178 (10th Cir. 2009) (explaining that when it is not clear whether the substance of the

state court's review was merits or non-merits based "our cases require us to assume that the state's review is on the merits and thus afford it § 2254(d) deference"). Claim 1(b) is therefore not procedurally defaulted; it will be addressed on the merits.

***Claims 2(a) through 2(e)—Ineffective Assistance of Counsel.*** Petitioner's remaining claims are that his counsel was ineffective in various ways. As described above, petitioner's habeas application presents five ways counsel was ineffective. Two of those claims—Claims 2(a) and 2(b)—were properly exhausted in state court and will proceed on the merits. The remaining claims—Claims 2(c) through 2(e)—have been procedurally defaulted and will be dismissed.

    1. *Exhausted claims.*

Claim 2(a) contends that all four of petitioner's attorneys—Gerash, Truman, Gavaldon, and Desmond—were constitutionally ineffective for allowing him to stand trial while incompetent. Docket No. 1 at 17-27. Claim 2(b) asserts that two of his attorneys—Gerash and Truman—were constitutionally ineffective for advising him to flee the country before trial. *Id.* at 17-22.

Respondent concludes that Claim 2(b) was properly exhausted in state court because "the CCA applied [petitioner's] allegations to the *Strickland* legal framework, and the CCA found the result wanting." Docket No. 8 at 15. "Because [petitioner's] allegations, while ultimately meritless, allowed the state courts to conduct a *Strickland* analysis, Respondent does not challenge that [the claim] was properly exhausted." *Id.*

The Court agrees that Claim 2(b) was properly exhausted.  A review of petitioner's appellate briefing, and the CCA's decision, reveals that Claim 2(b) was presented to the state appellate court as a violation of petitioner's rights under the United States Constitution.  Thus, the Court concludes that Claim 2(b) has been exhausted and will proceed on the merits.

As to Claim 2(a), however, respondent argues that it was not properly exhausted because petitioner's postconviction motion only set forth legal conclusions and "bare and conclusory allegations."  Docket No. 8 at 15-16.  The Court disagrees.

Like Claim 2(b), the CCA found that this claim failed to adequately plead prejudice under *Strickland*, and was properly denied without a hearing.  It is unclear how respondent concludes that Claim 2(b) was exhausted, while Claim 2(a) was not.  Both claims are addressed in the same section of the CCA's opinion; both claims are analyzed under the *Strickland* rubric, which is recited at the beginning of the section; and the CCA affirmed the summary denial of postconviction relief on both claims (without a hearing) because petitioner failed to adequately allege prejudice.  Docket No. 8-29 at 18-27.  The CCA did not simply reject Claim 2(a) based on an independent state procedural rule.  Instead, the CCA recited the applicable constitutional standard, compared petitioner's allegations to that standard, and concluded, based on its analysis, that the district court did not err in denying the claim without a hearing.  As such, the Court finds the CCA's decision on both Claims 2(a) and 2(b) to have been merits based.  *Douglas*, 560 F.3d at 1178 (explaining that when it is not clear whether

the substance of the state court's review was merits or non-merits based "our cases require us to assume that the state's review is on the merits and thus afford it § 2254(d) deference").  Claims 2(a) and 2(b) were properly exhausted and will therefore be addressed on the merits.

       *2.  Procedurally defaulted claims.*

The remaining ineffective assistance claims are procedurally defaulted.  Claims 2(c) through 2(e) were presented in petitioner's initial postconviction motion, but not reasserted on appeal.  As a result, the claims are unexhausted, procedurally defaulted, cannot be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), and must be dismissed.

To start, the claims are procedurally defaulted.  Petitioner raised the claims in his Rule 35(c) motion, but relief was denied.  The CCA did not address the merits of the claim on appeal because they were not reasserted on appeal.  Docket No. 9-29 at 28 (noting that petitioner stated that "the focus of [his] appeal [was] limited to the allegations of the two most egregious errors"); *see also id.* (citing *People v. Rodriguez,* 914 P.2d 230, 249 (Colo. 1996), as support for its conclusion that a defendant's "failure to specifically reassert on this appeal all of the claims which the district court disposed of . . . constitutes a conscious relinquishment of those claims which he does not reassert").  A federal court "ordinarily won't review the merits of a claim the state court declined to consider based on a petitioner's failure to follow that state's procedural rules." *McCormick v. Parker*, 821 F.3d 1240, 1245 (10th Cir. 2016) (citation omitted).  The CCA regularly follows the procedural rule that claims raised in the state district

14

court but not properly reasserted on appeal are deemed abandoned.  *See Rodriguez,* 914 P.2d at 249 (Colo. 1996) (concluding that a defendant's "failure to specifically reassert on this appeal all of the claims which the district court disposed of . . . constitutes a conscious relinquishment of those claims which he does not reassert"); *People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007) (same); *People v. Brooks*, 250 P.3d 771, 772 (Colo. App. 2010) (same); *People v. Wallin*, 167 P.3d 183, 187 (Colo. App. 2007) (declining to address arguments presented in a perfunctory or conclusory manner).  Thus, petitioner's failure to comply with an independent and adequate state procedural precluded these claims from substantive review in state court, making them procedurally defaulted.

With limited exceptions not applicable here, the Colorado Rules of Criminal Procedure bar petitioner from raising a claim in state court that was, or could have been, presented in a prior appeal or postconviction proceeding.  *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought").  These state procedural rules are independent of federal law and applied regularly by Colorado courts.  *See Mestas v. Zavaras*, 407 F. App'x 354, 355-56 (10th Cir. 2011) (unpublished) (finding state procedural bar under Colo. R. Crim. P. 35(c)(3)(VI) independent and adequate); *Burton v. Zavaras*, 340 F. App'x 453, 454-55 (10th Cir. 2009) (unpublished)

15

(finding a procedural default based on Colorado Court of Appeals' application of Colo. Crim. P. Rule 35(c)(3)(VII)); *Welch v. Milyard*, 436 F. App'x 861, 865 (10th Cir. 2011) (unpublished) (same); *Ellis v. Raemisch*, 872 F.3d 1064, 1093 n.7 (10th Cir. 2017) (proceeding on the assumption "that the provisions of Rule 35(c)(3)(VII) at issue here satisfy the independence and adequacy criteria.").  Petitioner could have had the merits of Claims 2(c) through 2(e) reviewed as part of his postconviction appeal.  But he did not reassert them.  The Colorado Rules of Criminal Procedure bar him from doing so now. Therefore, these claims are procedurally defaulted and cannot be considered, unless petitioner establishes grounds to excuse the default.  *See Coleman*, 501 U.S. at 750.

Some procedural defaults can be excused under the exception established in *Martinez v. Ryan*, 566 U.S. 1 (2012).  *Martinez* held that where a state permits a defendant to challenge the assistance of trial counsel only in a postconviction proceeding (as Colorado does), then the absence of postconviction counsel or inadequacy of postconviction counsel in the initial postconviction proceeding can constitute cause for the habeas petitioner's default of "substantial" claims of ineffective assistance of trial counsel—"substantial" meaning a claim that "has some merit."  *Id.* at 13-14.  But *Martinez* does not apply here because the claims were presented to, and rejected by, the initial postconviction court (the trial court).  Unlike *Martinez*, the default here occurred because petitioner failed to reassert the claims *on appeal*.  *Smith v. Chapdelaine*, 774 F. App'x 468, 476 (10th Cir. 2019) (unpublished) (citing *Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015) (concluding that an ineffective-assistance

16

claim "presented on initial collateral review and only waived on collateral appeal" is subject to the ordinary cause-and-prejudice/miscarriage-of-justice rules). And *Martinez* made clear that its narrow exception applies only to the absence of counsel or attorney error in initial-review collateral proceedings, not to appeals from those proceedings. *Martinez*, 566 U.S. at 16.

Because *Martinez* does not apply, petitioner must establish cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. *Coleman*, 501 U.S. at 750. To demonstrate cause for the procedural default, petitioner must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [petitioner.]" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If petitioner demonstrates cause, he must also show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice to overcome a procedural default. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Petitioner does not state any facts in the application or his reply to demonstrate cause and actual prejudice to excuse the procedural default of this claim. Nor does he raise a colorable claim of factual innocence to establish a fundamental miscarriage of justice. Consequently, Claims 2(c) through 2(e) will be dismissed with prejudice.

## III.   CONCLUSION

For these reasons, it is

**ORDERED** that Claim 1(a) is DISMISSED as not cognizable. It is further

**ORDERED** that Claims 2(c) through 2(e) are DISMISSED as procedurally defaulted. It is further

**ORDERED** that, within thirty (30) days from the date of this order, respondent shall file an answer that fully addresses the merits of the following claims: Claim 1(b), Claim 2(a), and Claim 2(b). It is further

**ORDERED** that the answer shall conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. It is further

**ORDERED** that, within thirty (30) days from the date respondent files an answer, petitioner may file a reply if he desires.

DATED October 31, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge